IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE LOYDE, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 18-0244-JB-N |
| DEVERON BROWN, *et al.,* | : | |
| Defendants. | : | |

## ORDER TO AMEND COMPLAINT

Plaintiff Joe Loyde, an Alabama prison inmate, proceeding *pro se* and *informa pauperis*, filed a § 1983 complaint against Defendants, which was docketed by the Court on May 25, 2018. (*See* Doc. 1). Defendants have answered the suit and filed a special report (docs. 12, 13), which the Court converted to a Motion for Summary Judgment on November 2, 2018. (Doc. 14). For the reasons discussed herein, the Court hereby **withdraws its Order** Converting Defendants' Answer and Special Report to a Motion for Summary Judgment and, further, **ORDERS** Plaintiff to amend his Complaint.

Plaintiff Loyde is suing Lieutenant Deveron Brown and Lieutenant Ruby Salter for, *inter alia*, failing to protect him from being attacked by inmate members of the Gangster Disciples Gang while imprisoned at Holman Correctional Facility. (Doc. 1 at 5). The Complaint specifies that the attack incident occurred on July 18, 2018. (*Id.*). Defendants deny all allegations against them related to an incident on July 18, 2018. (Docs. 12, 13). Defendants maintain that they possess no knowledge of an inmate attack occurring on July 18, 2018, and further affirm that no incident reports, duty officer reports, body charts or disciplinary reports exist for such an incident on July

1

18, 2018. (Docs. 13-1; 13-2). Defendants, however, do submit an incident report, body chart, and multiple medical records (with similar facts and descriptions as laid out by Plaintiff in his complaint) dated <u>July 18, 2017</u>. It is, therefore, apparent from review of the parties' pleadings that Plaintiff inadvertently included the wrong incident date in his Complaint;[1] however, Defendants, seemingly, refuse to overlook the scrivener's error in their responding affidavits. (*See* Docs. 13-1; 13-2).

When considering a *pro se* litigant's allegations, the court holds them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. Cnty. of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Thus, the general rule applied to *pro se* plaintiffs in this Circuit is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. DeKalb Cty. Bd. of Educ*., 885 F.3d 1289, 1290 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).[2]

---

[1] Notably, Plaintiff's suit was filed with the Court almost two months before the incident date provided in the Complaint - July 18, 2018.

[2] The Eleventh Circuit has since retreated from *Bank* in the context of plaintiffs represented by counsel. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). But the *Wagner* holding has not been extended to unrepresented parties; to the contrary, the Eleventh Circuit has continued to adhere to the *Bank* rule where *pro se* plaintiffs are involved. *See Jenkins v. Walker*, 620 F. App'x 709, 711

Accordingly, Plaintiff is **ORDERED** on or before <u>**May 20, 2019**</u>, to file an amended complaint on this Court's § 1983 complaint form that contains a clear and precise statement of the allegations against Defendants Deveron Brown and Ruby Salter, including the date of the incident and all supporting facts. The Amended Complaint will supersede the original Complaint (Doc. 1). *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Plaintiff, therefore, should not rely on his prior pleadings. Additionally, the amended complaint must contain all of the allegations with respect to the claim to which Plaintiff wants Defendants to respond. No new issues or unrelated claims may be asserted in the amended complaint.

Plaintiff is advised that a related claim is one that arises "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Defendants may be joined if they have an interest in the transaction or occurrence and there is a common question of law or fact among the defendants in the action. If the claims are not related to the same incident or issue, "[i]t is necessary for Plaintiff to file a separate complaint for each claim[.]" *Potts v. Pike Cnty. Sheriff's Office*, No. 2:09-CV-974-ID, 2009 WL 3747213, at *1 (M.D. Ala. Nov. 5, 2009) (unpublished). The failure to an amended complaint that complies with Rule 20(a)'s requirement that a complaint's claims arise from the same transaction or occurrence or series of transactions or occurrences will result in the dismissal without prejudice of this action. *Skillern v. Georgia Dep't*

---

(11th Cir. July 10, 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. Apr. 24, 2015) ("Where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice."); *Edwards v. Fernandez-Rundell*, 512 F. App'x 996, 997 (11th Cir. Mar. 18, 2013) ("our decision in *Wagner* did not disturb our decision in *Bank* with respect to a *pro se* litigant's right to amend"). Thus, *Bank* remains good law in cases involving *pro se* plaintiffs.

*of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (unpublished) (affirming the action's dismissal without prejudice for the prisoner's failure to obey the court's order to file a complaint that complied with Rule 20(a) when his claims against defendants did not arise "out of the same transaction, occurrence, or series of transactions or occurrences").[3]

Furthermore, Plaintiff is advised that his amended complaint must be a "short and plain statement" showing that he is entitled to relief. Fed. R. Civ. P. 8(a). The complaint form is **ORDERED** to be completed in its entirety, and if extra space is needed, additional pages may be attached provided that they follow the complaint form's format. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (finding that a fifteen, single-spaced typed complaint was not a "short and plain statement").

The amended complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).[4] A plaintiff must plead: 1) "factual

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

[4] To establish an Eighth Amendment claim of failure to protect, Loyde must show that Defendants knew he was at a serious risk of harm and "disregarded the substantial risk by failing to act in an objectively reasonable way to alleviate the risk," and that the defendants "'acted with a state of mind that constituted deliberate indifference.'" *Estate of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 767 (11th Cir. 2016) (citations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Hale*, 50 F.3d at 1583 (quoting *Farmer*, 511 U.S. at 842); *see Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (Plaintiff mush show "a strong likelihood, rather than a mere possibility [of harm] before a guard's failure to act can constitute deliberate indifference.") (internal quotation marks omitted); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("[B]efore a defendant's awareness rises to a sufficient level of culpability, there must be much more than mere awareness of an inmate's generally problematic nature.").

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *id*., and 2) "[f]actual allegations . . . [that] raise a right to relief above the speculative level" and "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (second brackets in original). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Moreover, Plaintiff's allegations must show a causal connection between each defendant's actions, orders, customs, and policies and a deprivation of Plaintiff's constitutional rights in order to state a claim upon which relief can be granted. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.), *cert. denied*, 464 U.S. 932 (1983). Failure to comply with this Order within the prescribed time or to notify the Court of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order.

In light of this Order, the Court hereby **WITHDRAWS** its previous, November 2, 2018, **Order Converting the Defendants' Answer and Special Report into a Motion for Summary Judgment**. (Doc. 14).

The Clerk is **DIRECTED** to send Plaintiff a § 1983 complaint form for his use.

**DONE** this 18th day of April, 2019.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**